UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| VIRGINIA BORHI | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 5:22-CV-03081-JFL |
| | : | |
| TSAROUHIS LAW GROUP, LLC | : | |
| | : | |
| Defendant. | : | |

## ORDER

And Now, this _____ day of _____, 2024, upon consideration of Defendant's Motion for Summary Judgment and any response thereto, it is hereby ORDERED and DECREED that Defendant's motion is granted in its entirety and judgment is GRANTED in favor of the Defendant on all claims.

BY THE COURT:

_____
Honorable Lynne A. Sitarski
United States Magistrate Judge

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA BORHI | : | |
| Plaintiff, | : | |
| v. | : | 5:22-CV-03081-JFL |
| TSAROUHIS LAW GROUP, LLC | : | |
| Defendant. | : | |

# DEFENDANT TSAROUHIS LAW GROUP, LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant, the Tsarouhis Law Group, LLC ("TLG"), files this Motion for Summary Judgment seeking judgment in its favor on all of Plaintiff's claims on the grounds more fully described in the supporting memorandum of law attached hereto.

Respectfully submitted,

**THE PETERS FIRM, PLLC**

Paul S. Peters III, Esquire
PA Attorney ID#: 87421
The Peters Firm, PLLC
P.O. Box 11227
Elkins Park, PA 19027
215-291-2944
ppeters@thepetersfirm.com
*Attorney for Defendant*

Dated: May 31, 2024

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA BORHI | : |
| Plaintiff, | : |
| v. | : 5:22-CV-03081-JFL |
| TSAROUHIS LAW GROUP, LLC | : |
| Defendant. | : |

## DEFENDANT TSAROUHIS LAW GROUP, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION FOR SUMMARY JUDGMENT

Defendant, the Tsarouhis Law Group, LLC ("TLG"), submits the following in support of this Motion for Summary.

**I. INTRODUCTION**

Defendant, Tsarouhis Law Group, LLC ("TLG"), moves for summary judgment on all claims. Plaintiff's complaint filed on August 4, 2022, alleges that TLG violated the Americans with Disabilities Act ("ADAAA") and Pennsylvania Human Relations Act ("PHRA"). Plaintiff alleges that TLG violated the statutes by failing to accommodate an alleged disability, resulting in the termination of her employment.[1]

As stated in detail below, all of Plaintiff's claims fail because she never disclosed any alleged disability to TLG nor made any request for a disability accommodation. Plaintiff voluntarily abandoned her employment with TLG. TLG nor any of its agents were told of any alleged disability by the Plaintiff and first learned of any such allegation when the Plaintiff initiated this action.

Accordingly, Defendant TLG respectfully requests this Honorable Court dismiss all of Plaintiff's claims with prejudice.

---

[1] A true and correct copy of Plaintiff's complaint is attached to this motion as Exhibit "A."

## II. STATEMENT OF UNDISPUTED FACTS

It is TLG's position that the following facts are undisputed between the parties:

1. TLG employed Plaintiff on or about the dates of October 13, 2020, and October 21, 2020.

2. TLG employed Plaintiff as a legal assistant.

## III. STATEMENT OF DISPUTED FACTS

1. Whether Plaintiff has a recognized and documented disability.

2. Whether Plaintiff disclosed any alleged disability to TLG.

3. Whether Plaintiff requested a reasonable accommodation for any alleged disability.

4. Whether Plaintiff was allegedly discriminated against or retaliated against due to any alleged disability.

5. Whether Plaintiff voluntarily quit or abandoned her employment with TLG.

6. Whether TLG had the required number of employees to trigger the ADAAA or PHRA.

## IV. STANDARD OF REVIEW

*Federal Rule of Civil Procedure 56(c)* permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The moving party bears the initial burden of illustrating for the court the absence of a genuine issue of material fact.[3] The moving party can satisfy this burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case."[4]

Once the moving party has made a proper summary judgment motion, the burden switches to the nonmoving party. The non-moving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'"[5] As our Court of Appeals has observed, "the mere existence of some evidence in support of the non-moving party will not be sufficient to support a denial of a motion for summary judgment; there must be

---

[2] *Fed. R. Civ. P. 56(c)*.

[3] See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-61 (1970).

[4] *Celotex*, 477 U.S. 317 at 323-25.

[5] *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *Fed. R. Civ. P. 56(e)*).

enough evidence to enable a jury to reasonably find for the non-moving party on the issue."[6] Although the Court must resolve all doubts and consider the evidence in the light most favorable to the opposing party[7], the non-moving party cannot escape summary judgment by introducing "a mere scintilla of evidence" in his favor[8], or by relying on "conclusory allegations, improbable inferences, and unsupported speculation[.]"[9]

To defeat summary judgment, the non-moving party cannot rest on the pleadings but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial."[10] Further, the Plaintiff must identify evidence of record sufficient to establish every element essential to the claim.[11]

## V.  ARGUMENT

TLG moves to dismiss Plaintiff's complaint in its entirety as all of Plaintiff's claims and allegations fail as a matter of law. Plaintiff's complaint references allegations of discrimination, failure to accommodate, and retaliation. Accordingly, TLG will address claims for discrimination, failure to accommodate, and retaliation under the ADAAA in its argument. Plaintiff additionally claims violations of the Pennsylvania Human Relations Act, which is analyzed under the same legal standard as ADAAA claims.[12]

As addressed in more detail below, Plaintiff's claim for discrimination fails because she was not subjected to an adverse employment action due to a disability, actual or perceived; furthermore, Plaintiff never disclosed any alleged disability. Second, Plaintiff's claim of failure to accommodate must fail because she never requested an accommodation and, further, never even disclosed any alleged disability. Third, Plaintiff's claim of retaliation must fail because she never disclosed any alleged disability and never made a request for accommodation; therefore, she was not subject to any adverse employment action due to a disability. Lastly, Plaintiff's claims fail because TLG is a private employer and, at the relevant times to this action, did not employ the number of employees required to trigger the ADAAA or PHRA.

---

[6] *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir. 1995).

[7] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[8] *Sarko v. Penn-Del Directory Co.*, 968 F. Supp. 1026, 1031 (E.D. Pa. 1997) (citation omitted), aff'd, 189 F.3d 464 (3d Cir. 1999).

[9] *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); accord *Solt v. Alpo Petfoods, Inc.*, 837 F. Supp. 681 (E.D. Pa. 1993), aff'd, 30 F.3d 1488 (3d Cir. 1994).

[10] *Fed.R.Civ.P. 56(e)*; see also *Lawrence v. National Westminster Bank*, 98 F.3d 61, 65 (3d Cir. 1996).

[11] *Petrucelli*, 46 F.3d at 1308.

[12] *Kelly v. Drexel University*, 94 F.3d 102, 105 (3d Cir. 1996).

### A. PLAINTIFF'S CLAIMS OF DISCRIMINATION UNDER THE ADAAA AND PHRA FAIL BECAUSE SHE WAS NOT SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION DUE TO A DISABILITY

The ADAAA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to…the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[13] The PHRA makes it unlawful "[f]or any employer because of the…non-job related handicap or disability…to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual…if the individual…is the best able and most competent to perform the services required."[14]

Plaintiff's discrimination claims under these two statutes are subject to the three-part burden-shifting framework set out in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973) and can be analyzed together.[15]

A plaintiff faces the initial burden of establishing a prima facie case of unlawful discrimination.[16] If a prima facie case is successfully established, the defendant then must articulate some legitimate, nondiscriminatory reason for the Plaintiff's adverse treatment.[17] Finally, if the defendant successfully puts forth such reasons, the Plaintiff must demonstrate that those reasons are merely pretext for unlawful employment discrimination.[18]

To establish a prima facie case under the ADAAA, an employee must establish that he "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability."[19]

Once Plaintiff makes out a prima facie case, "[t]he employer satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision."[20] When a legitimate, non-discriminatory reason is put forward by an employer, "the only

---

[13] *42 U.S.C. § 12112(a)*.

[14] *43 P.S. § 955(a)*.

[15] See *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (PHRA discrimination claims are subject to same analysis as ADA discrimination claims).

[16] *McDonnell Douglas*, 411 U.S. at 802.

[17] *Id*. at 802-803.

[18] *Id*. at 804-805.

[19] *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).

[20] *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

remaining question would be whether respondent could produce sufficient evidence from which a jury could conclude that 'petitioner's stated reason for respondent's rejection was in fact pretext.'"[21] "[T]he evidence [a] plaintiff proffers [to establish pretext] must meet a heightened 'level of specificity' to survive summary judgment."[22] "To discredit the employer's proffered reason, … the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent."[23] A plaintiff must produce sufficient evidence to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer′s proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence."[24] "To avoid summary judgment, the plaintiff must point to some evidence from which a factfinder could reasonably conclude that the plaintiff satisfied the criterion that the decisionmakers disapproving of him relied upon (e.g., by showing that others no more qualified than he under that criterion were not treated adversely), or that the decisionmakers did not actually rely upon that criterion."[25]

Here, Plaintiff has failed to establish or present evidence that she does, in fact, have a disability. Furthermore, she failed to establish she has a disability that would impair her ability to perform daily life functions or the requirements of her employment with TLG. Plaintiff did not provide any medical records or other official documentation confirming her allegation that she has a disability falling under the ADAAA or PHRA. No witnesses were presented to verify or give an opinion on Plaintiff's allegation of a disability. Lastly, Plaintiff's alleged disability is not physical; therefore, it would not be apparent to others or can be considered as a perceived disability.

In her deposition, Plaintiff alleges that once she stated to TLG representative and owner Demetrios Tsarhouris that she had "anxiety."[26] Plaintiff further admitted in her deposition that she never provided TLG with any notes, records, or other evidence of any alleged disability.[27] Plaintiff testified in her deposition that she never mentioned any

---

[21] *Raytheon Co. v. Hernandez*, 540 U.S. 44, 55 (2003) (quoting McDonnell Douglas, 411 U.S. at 804).

[22] *Jackson v. Planco*, 660 F. Supp. 2d 562, 577 (E.D. Pa. 2009) (Dalzell, J.), aff′d, 431 F. App′x 161 (3d Cir. 2011) (quoting Simpson v. Kay Jewelers, 142 F.3d 639, 646 (3d Cir. 1998)).

[23] *Fuentes*, 32 F.3d at 765.

[24] *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 504 (3d Cir. 1997) (quoting Fuentes, 32 F.3d at 764.

[25] *Fuentes*, 32 F.3d at 767.

[26] See *Plaintiff's Deposition* attached to this motion as Exhibit B, Pg.39 L5.

[27] *Id*. at Pg.39 L.8 and Pg.70 L.18.

alleged disability or her alleged anxiety to any employees at TLG.[28] Regarding her last day of employment and the date she alleges she was discriminated against, Plaintiff testified that she left the office and only told TLG that she "was not feeling well."[29] Plaintiff provided no testimony or other evidence that she ever requested or needed any accommodation for her alleged disability.[30]

Plaintiff testified that in addition to interacting and training with Mr. Tsarhouris, she also interacted and trained with employees Jennifer Getz and Gina Schembari.[31]

Jennifer Getz, in her deposition, confirmed that she trained the Plaintiff and that in her interactions with the Plaintiff, the Plaintiff never mentioned any medical condition or disability.[32]

Gina Schembari, in her deposition, confirmed that she trained the Plaintiff, and that in her interactions with the Plaintiff, the Plaintiff never mentioned any medical condition or disability.[33] On Plaintiff's last day of employment, Ms. Schembari testified that Plaintiff only stated that "her stomach hurt."[34] Additionally, after Plaintiff told Ms. Schembari of her interaction that day with Mr. Tsarhouris, Ms. Schembari explained to Plaintiff that Plaintiff was not fired but was given an option as to the next steps with her employment and that Plaintiff said, "I'm going home."[35]

Demetri Tsarhouris, owner of TLG, stated in his deposition that Plaintiff never disclosed any medical condition or disability and never made any requests for accommodations.[36] He further testified that on Plaintiff's last day of employment, she stated she wanted to go home and did not feel well.[37] Plaintiff then left the office and never returned.[38]

Here, Plaintiff has failed to submit the required evidence to meet her burden of showing she has a disability and that the disability was disclosed or apparent to TLG. Neither in her complaint nor in discovery responses did Plaintiff submit any documentation of a disability or medical records/reports confirming or diagnosing any disability. No

---

[28] *Id.* at Pg.70 L.5.

[29] *Id.* at Pg.80 L.17.

[30] *Id.*, see the entirety of the deposition transcript.

[31] *Id.* at Pg.39 L.3; Pg.41 L.16; Pg.43 L.20; Pg 45 L.9; Pg.46 L.9; Pg.51 L.15; and Pg.56 L.12.

[32] See *Deposition of Jennifer Getz* attached to this motion as Exhibit C, Pg.9 L.3 and Pg.11 L.3-16.

[33] See *Deposition of Gina Schembari* attached to this motion as Exhibit D, Pg.8 L.23 and Pg.10 L.9-25.

[34] *Id.* at Pg.13 L.3.

[35] *Id.* at Pg.17 L.1-7 and Pg.23 L.5.

[36] See *Deposition of Demetri Tsarhouris* attached to this motion as Exhibit E, Pg.18 L.9-21 and Pg.25 L.15-19.

[37] *Id.* at Pg.28 .L7-15.

[38] *Id.* at Pg.29 L.14.

documentation of any determination by the Social Security Administration of any disability was disclosed. In her deposition testimony, Plaintiff confirmed she never provided any documentation to TLG. The only testimony provided in her deposition is that she alleges she told Mr. Tsarhouris that she had "anxiety." No evidence of any elaboration on this alleged statement was provided, nor did she testify or provide proof of an accommodation request. In the depositions of Ms. Getz, Ms. Schembari, and Mr. Tsarhouris, all individuals stated that Plaintiff never mentioned any medical conditions, presence of anxiety, having any disability, or ever requesting the need for accommodation. All three individuals testified that on her final day, she stated that she did not feel well[39] or had a stomach ache, which aligns with Plaintiff's deposition testimony.

Accordingly, Plaintiff has not, and cannot sustain her burden of proof of the application of the ADAAA to this matter or that she acted in any manner to trigger the ADAAA or place TLG on notice that she did, in fact, have a qualifying disability under the ADAAA. Hence, given Plaintiff's failure to establish a qualified disability and any notice to TLG, no violation of the ADAAA and PHRA has been established or can be proven by Plaintiff. As such, Plaintiff's claims fail in their entirety, and her ADAAA and PHRA claims should be dismissed with prejudice, and TLG's motion for summary judgment should be granted.

### B. PLAINTIFF'S CLAIM THAT TLG FAILED TO GRANT REASONABLE ACCOMMODATION FAILS BECAUSE SHE NEVER REQUESTED OR NEEDED ACCOMMODATION.

Plaintiff alleges that she requested an accommodation based on a qualified disability and that TLG failed to provide an accommodation or engage in the interactive process. "An employer commits unlawful disability discrimination under the ADAAA if [it] 'does not make reasonable accommodations to the known physical or mental limitations of an employee who is an otherwise qualified individual with a disability ...'"[40] A successful failure to accommodate claim depends on the employer having been on notice that the employee desired accommodation: "'while the notice of a desire for an accommodation does not have to be in writing, be made by the employee, or formally invoke the magic words "reasonable accommodation," the notice nonetheless must make clear that the employee wants assistance for his or her disability.'"[41] Once the employer has notice of an employee′s wish to be accommodated for a disability, it has an obligation to engage in

---

[39] A general expression of "not feeling well" does not suffice to put an employer on notice that a plaintiff has a disability. See *Jones v. Nationwide Life Ins. Co.*, 696 F.3d 78, 89-90 (1st Cir. 2012).

[40] *Conneen v. MBNA America Bank, N.A.*, 334 F.3d 318, 325 (3d Cir. 2003) (quoting 42 U.S.C. § 12112(b)(5)(A)).

[41] *Jones v. United Parcel Service*, 214 F.3d 402, 408 (3d Cir. 2000) (alterations omitted) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999) ).

"good faith" in an "interactive process" with the employee to determine what type of accommodations might be reasonable and sufficient.[42] The Third Circuit has elucidated the requirements of the "interactive process," holding that both the employer and the employee "have a duty to assist in the search for appropriate reasonable accommodation and to act in good faith."[43]

Here, Plaintiff cannot establish she was denied reasonable accommodation under the ADAAA because she never requested it, nor did she ever need to be accommodated. Plaintiff provided no evidence that she made any request or even hinted at the need for any accommodation. She never even placed TLG on notice that she had an alleged disability. TLG incorporates its statements in section V., subsection A., of this motion regarding the factual and legal reasons Plaintiff failed to establish an alleged disability or notice to TLG of an alleged disability and further that the record contains no evidence that Plaintiff ever made any request or alluding to the need for an accommodation.

Accordingly, if an accommodation was never expressed or presented to TLG, TLG cannot have denied a reasonable accommodation or failed to engage in the interactive process. For those reasons, Plaintiff's claim of failure to accommodate under the ADAAA and PHRA must fail, and Plaintiff's claim must be dismissed with prejudice, and TLG's motion for summary judgment on this issue should be granted.

### C. PLAINTIFF'S RETALIATION CLAIMS FAIL BECAUSE TLG WAS UNAWARE OF ANY ALLEGED DISABILITY, NO REQUEST FOR ACCOMMODATION WAS MADE, AND PLAINTIFF'S EMPLOYMENT DID NOT END DUE TO ANY ADVERSE EMPLOYMENT ACTION CONNECTED WITH A DISABILITY OR ACCOMMODATION REQUEST.

To establish a prima facie case of retaliation under the ADAAA, a Plaintiff must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."[44] Just as with Plaintiff's discrimination claims, if Plaintiff can establish a prima facie case for retaliation under the ADAAA or PHRA, the claim is then subjected to the *McDonnell Douglas* burden-shifting analysis whereby the employer bears the burden articulate a

---

[42] *Taylor*, 184 F.3d at 315-320.

[43] *Mengine v. Runyon*, 114 F.3d 415, 420 (3d Cir. 1997).

[44] *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (1997).

legitimate, nondiscriminatory reason for the adverse action, which the Plaintiff must then disprove as pretextual.[45]

As with Plaintiff's discrimination and accommodation claims, Plaintiff cannot establish a causal connection between any disability and the adverse employment action at issue because of the substantial evidence in the record demonstrating that Plaintiff never made TLG aware of any alleged disability nor made any request for an accommodation. If TLG was never made aware of any alleged disability and never received a request for accommodation, then it is impossible for any TLG′s actions to be interpreted as retaliation under the ADAAA or PHRA. Furthermore, the evidence in the record shows that Plaintiff voluntarily left her employment, never returned, and stated she "did not feel well" and had "a stomach ache" on her last day of employment. There is nothing in the record that Plaintiff was fired, only that she voluntarily and without permission abandoned her employment during her working hours.

Accordingly, if TLG was never made aware of an alleged disability, an accommodation was not requested, and Plaintiff was not fired, Plaintiff cannot meet her burden and show that an adverse employment action was taken due to an alleged disability or request for accommodation. For those reasons, Plaintiff's claim of retaliation under the ADAAA and PHRA must fail, and Plaintiff's claim must be dismissed with prejudice and TLG's motion for summary judgment on this issue granted.

### D. THE ADAAA AND PHRA DO NOT APPLY TO TLG AS TLG IS NOT AN EMPLOYER AS DEFINED UNDER THE ACTS.

Under the Americans with Disabilities Act (ADA) and Title VII, the term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 calendar weeks in the current or preceding calendar year and any agent of such person.[46]

In discovery disclosures, TLG presented its payroll sheet for the period in question, showing that TLG employed nine individuals, not 15 or more.[47] Additionally, Mr. Tsarhouris testified in his deposition that during Plaintiff's employment, he employed 8 – 9 individuals.[48]

Accordingly, the ADAAA and PHRA do not apply to TLG for the relevant dates to this action as TLG did not employ the required number of employees to trigger the ADAAA

---

[45] *McDonnell Douglas*, 411 U.S. at 802; Krouse, 126 F.3d at 500.
[46] See *42 U.S.C.S. § 12111(5)(A) (ADA); 42 U.S.C.S. § 2000e(b) (Title VII); 29 C.F.R. § 1630.2*.
[47] See TLG Payroll records attached as Exhibit F.
[48] See Exhibit E, Pg.9 L.14.

or PHRA. Therefore, all of Plaintiff's claims should be dismissed with prejudice, and this motion for summary judgment should be granted.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice in its entirety. Plaintiff has failed to establish that she has a qualifying disability under the ADAAA or PHRA; failed to establish that she notified TLG of any alleged disability or that TLG should have been aware of any alleged disability; failed to prove that she made any form of a request for a reasonable accommodation; and failed to establish that TLG acted in any manner of retaliation regarding the ADAAA or PHRA provisions or requirements.

Per the applicable standard of review, the record contains a vast absence of evidence to support Plaintiff's claims and allegations. The record fails to include the required evidence to enable a reasonable jury to find for Plaintiff on any of her claims. Plaintiff has failed to present evidence sufficient to establish every element of her claims.

Accordingly, TLG respectfully requests that this Honorable Court grant TLG's motion for summary judgment in its entirety and dismiss Plaintiff's complaint in its entirety with prejudice.

Respectfully submitted,

THE PETERS FIRM, PLLC

Paul S. Peters III, Esquire
PA Attorney ID#: 87421
The Peters Firm, PLLC
P.O. Box 11227
Elkins Park, PA 19027
215-291-2944
ppeters@thepetersfirm.com
*Attorney for Defendant*

Dated: May 31, 2024

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | | |
|---|---|---|
| Virginia Borhi | : | |
| Plaintiff, | : : : | |
| v. | : : | 5:22-CV-03081-JFL |
| Tsarouhis Law Group, LLC | : : : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Paul S. Peters III, Esquire, attorney for Defendant, certify that a true and correct copy of Defendant's motion for summary judgment was served upon the Plaintiff's counsel via ECF filing and notice, as well as email to Plaintiff's counsel at jford@discrimlaw.net.

Respectfully submitted,

**The Peters Firm, PLLC**

Paul S. Peters III, Esquire
PA Attorney ID#: 87421
The Peters Firm, PLLC
P.O. Box 11227
Elkins Park, PA 19027
215-291-2944
ppeters@thepetersfirm.com
*Attorney for Defendant*

Dated: May 31, 2024